Defendant, Marcellus A. Haynes, appeals from his conviction and sentence for involuntary manslaughter.
On or about January 12, 2000, Dayton police discovered the body of Melody Rosemond in a bathtub in a local motel room. The coroner's office determined that the cause of death was manual strangulation. Subsequently, Defendant was indicted on one count of purposeful Murder, R.C. 2903.02(A), and one count of Involuntary Manslaughter (resulting from a misdemeanor offense), R.C. 2903.04(B).
Defendant entered a plea of guilty to a bill of information charging him with involuntary manslaughter (resulting from a felony offense), R.C. 2903.04(A), in exchange for a dismissal of the indicted charges. The trial court subsequently sentenced Defendant to the maximum ten years imprisonment.
Defendant has timely appealed to this court, setting forth one issue for our review.
 WHETHER THE COURT ERRED WHEN IT RELIED ON UNSUBSTANTIATED AND CONTRADICTED HEARSAY TO JUSTIFY A MAXIMUM SENTENCE FOR DEFENDANT AND THEREBY VIOLATED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO STATE CONSTITUTION.
Defendant argues that the trial court committed prejudicial error in imposing the maximum sentence because the facts on which the court relied on in imposing its sentence were unsubstantiated and inaccurate, depriving the Defendant of due process of law.
A trial court has broad discretion in selecting an appropriate sentence within the statutory limits, and its decision will not be disturbed on appeal absent a showing that the trial court abused its discretion. State v. Letts (Jan. 29, 1999), Montgomery App. No. 17084, unreported. An abuse of discretion is more than a mere error of law or an error in judgment. It implies that the court's attitude was arbitrary, unreasonable, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151.
At sentencing, the trial court stated that Defendant was not honest in claiming that the victim's death was accidental. The trial court noted that the presentence report stated that Defendant denied strangling the victim by the neck with his hands. Instead, Defendant claimed that he gave her a bear hug and squeezed her until she went limp, then wrapped a cord around her neck to make it appear as though she had been strangled. The court pointed out that Defendant's version of the events conflicted with the coroner's report, which found that the cause of death was manual strangulation.
Defendant failed to object to the trial court's interpretation of the facts contained in the presentence report and the coroner's report, which waives all but plain error. We see no error, much less plain error, because the trial court's version of what happened is consistent with and substantiated by both the presentence report and the coroner's report, which undermines Defendant's claim of an accidental death.
Neither did Defendant object when the trial court recited the contents of several letters from the victim's family regarding the impact of this crime upon their lives. Defendant concedes that it is not improper for the trial court to consider victim impact evidence in fashioning an appropriate sentence. R.C. 2930.14. However, Defendant complains that the trial court should also have considered that the victim in this case voluntarily put herself into a situation involving sex and drug use at a local motel, where the scene might become violent. There is no evidence that the victim's own conduct caused her death, or otherwise mitigated Defendant's criminal culpability. Defendant did not offer any such evidence.
Defendant voiced but one objection to the conclusions which the trial court reached concerning the facts and evidence in this case. Defendant challenged as inaccurate and unsubstantiated the conclusion that the trial court drew from crime scene photographs depicting the bloody face of the victim. The trial court interpreted that evidence as being indicative of a violent assault. When Defendant challenged the accuracy of that interpretation, the trial court allowed Defendant to state on the record his interpretation of that same evidence.
Defense counsel stated that he had been told by the prosecutor and investigating detective that the bloody appearance of the victim's face was not the result of lacerations inflicted prior to death, but was rather caused by post mortem changes in the body. The trial court disagreed, relying upon the coroner's findings regarding the contusions, abrasions and lacerations observed on the victim's face. Defendant proffered no witnesses or other evidence to contest the coroner's findings, or the trial court's interpretation of that evidence.
Defendant argues that he was entitled to an evidentiary hearing concerning the findings the trial court made. Those findings were made in relation to the requirements imposed on the court by R.C. 2929.11. A defendant, and particularly one who enters a plea of guilty or no contest, risks an adverse finding by the court when he fails to ask for an evidentiary hearing. Frankly, most defendants probably don't want one, fearing that an airing of evidence will only worsen their position. A defendant who elects to follow that course then accepts the risk that the court may disagree with his own version of events, finding him more culpable that he believes he is and imposing a harsher sentence than he expects.
It is the trial court's prerogative to interpret the evidence before it when imposing its sentence upon a criminal conviction. The fact that a defendant who has entered a guilty plea interprets that same evidence differently does not demonstrate that the trial court erred or that the defendant was prejudiced by the difference in interpretations. To show prejudice, the record must demonstrate, clearly and convincingly, that the trial court's interpretation of the evidence before it so varied from its manifest meaning that the result which the court reached when it imposed its sentence was materially undermined by the error involved. That has not been demonstrated on this record. The trial court's interpretation of the evidence in this case and the conclusions which it drew are not inconsistent with the coroner's findings or the information in the presentence report. No abuse of discretion by the trial court has been demonstrated.
The State has moved to strike a copy of the coroner's report that Defendant attached to his brief. The motion is denied.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 _________ GRADY, J.
WOLFF, P.J. and BROGAN, J., concur.